UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA INVESTMENT, LLC, ) | Case No. 5:14-cv-01357-PSG |
| ) | |
| Plaintiff, ) | **ORDER REMANDING CASE** |
| v. ) | |
| ) | **(Re: Docket Nos. 5 and 6)** |
| REUBEN BERONILLA and ) | |
| MARIA V. BERONILLA, ) | |
| ) | |
| Defendant. ) | |

Before the court is Plaintiff NGA Investment, LLC's motion to remand this case to state court.[1] Defendants Reuben Beronilla and Maria V. Beronilla have not filed a timely opposition.[2] The court finds this motion suitable for disposition on the papers pursuant to the civil local rules.[3] After considering the arguments, the court GRANTS NGA's motion.

**I. LEGAL STANDARDS**

The Beronillas' notice of removal alleges this court possesses federal question jurisdiction

---

[1] *See* Docket No. 5.  NGA's related motion to shorten time is denied-as-moot.  *See* Docket No. 6.

[2] *See* Civil L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the motion was filed.").

[3] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1

Case No. 5:14-cv-01357-PSG
ORDER REMANDING CASE

over the case pursuant to 28 U.S.C. § 1331.[4]  "Federal courts may exercise federal-question jurisdiction over an action in two situations.  First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'"[5] "Thus, the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'"[6]  Second, a federal court may have such jurisdiction if a state-law claim "necessarily" raises "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities."[7]  Such a federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[8]  "The removal statute is strictly construed against removal jurisdiction."[9]  "The defendant bears the burden of establishing that removal is proper."[10]

## II. DISCUSSION

This unlawful detainer case is based on a single property claim grounded in state law.[11] "State law prohibits a defendant from adding unrelated claims to an unlawful detainer action."[12]

---

[4] *See* Docket No. 1-2; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[5] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)).

[6] *Id.* (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974)).

[7] *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

[8] *Id.* at 313.

[9] *Placer Dome*, 582 F.3d 1087 (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).

[10] *Id.* (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).

[11] *See HSBC Bank USA v. Ramirez*, Case No. 08-cv-05638-RGK-CWX, 2008 WL 4724055, at *1 (C.D. Cal. Oct. 21, 2008) ("The Complaint, however, states a single cause of action for unlawful

2
Case No. 5:14-cv-01357-PSG
ORDER REMANDING CASE

"The summary character of [an unlawful detainer] action would be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate possession could be introduced."[13] Because no federal claim appears on the face of the complaint and the Beronillas have failed to establish the existence of a federal question or a federal claim, removal based on federal question jurisdiction is improper.[14] Because Defendants are California residents,[15] diversity jurisdiction pursuant to 35 U.S.C. § 1332 does not provide an alternative ground for removal.[16]

**IT IS SO ORDERED.**

Dated: April 23, 2014

                                      _____
                                      PAUL S. GREWAL
                                      United States Magistrate Judge

---

detainer based on California Code of Civil Procedure § 1611a. No federal claims appear on the face of the Complaint. Defendant has failed to establish the existence of a federal question or a federal claim. Thus, removal based on federal question jurisdiction is improper.").

[12] *Eden Hous. Mgmt., Inc. v. Muhammad*, Case No. 4:07-cv-04325-SBA, 2007 WL 4219397, at *3 (N.D. Cal. Nov. 28, 2007).

[13] *Glendale Fed. Bank v. Hadden*, 73 Cal. App. 4th 1150, 1153 (1999) (quoting *Knowles v. Robinson*, 60 Cal. 2d 620, 625 (1963)).

[14] *See id.*

[15] The docket reflects the Beronillas have listed their residence as 2094 Winwood Way, San Jose, CA 95148. This is also the location of the real property in dispute in this litigation. *See* Docket No. 5-2, Ex. 1 at ¶¶ 3-4.

[16] *Bank of New York Mellon v. Brewer*, Case No. 5:12-cv-03179-RMW, 2012 WL 3904342, at *4 (N.D. Cal. Sept. 7, 2012) (citing 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [i.e., diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")).